# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Ray Yahola, | ) | Case No. 1:24-cr-135 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with two offenses: (1) assault with a dangerous weapon; and (2) assault resulting in substantial bodily injury to a spouse, intimate partner, or dating partner. (Doc. No. 1). He made his initial appearance on August 13, 2024, and was arraigned. (Doc. No. 6). He subsequently waived his right to a detention hearing and was ordered detained pending trial. (Doc. Nos. 16 and 17).

On November 13, 2024, Defendant filed a Motion for Reconsideration of Order of Detention. (Doc. No. 26). He requests to be released to Hope Manor, a sober living facility in Bismarck, North Dakota. He asserts that a placement at Hope Manor will allow him to address his addictions and provide a level of supervision that will reasonably ensure his sober appearance at future proceedings and assure the community's safety. He advises that a family member can transport him from the Heart of America Correctional and Treatment Center, the facility in which he is presently detained, to Hope Manor.

The United States has communicated to chambers that, with respect to this matter, it will defer to the court's sound discretion.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue

whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Consequently, to reopen a detention hearing a defendant must, first, present information that was not known or available to him at the time of his original detention hearing, and then, second, show that such information is material to and has a substantial bearing on whether he should remain detained.

Defendant has provided the court with new information, i.e., confirmation that he has obtained a placement at Hope Manor. The court also appreciates Defendant's stated desire to address his addictions as well the fact that Defendant has now endured of a period of forced sobriety.

The court finds that the placement of Defendant at Hope Manor with conditions will reasonable assure both his appearance at future proceedings and ensure the community's safety. Accordingly, the court **GRANTS** Defendant's motion. (Doc. No. 26).

Defendant shall be released to his mother or other person(s) approved by the Pretrial Services Officer no earlier than 9:00 AM on November 22, 2024, for transport to Hope Manor. Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be

considered the same as a positive test.

(4)    Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)    Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)    Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

(7)    Defendant shall not knowingly or intentionally have any direct or indirect contact the alleged victim, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person( as is necessary in the furtherance of Defendant's legal defense.

(8)    Defendant shall reside at Hope Manor, fully participate in its treatment programming, and comply with all of its rules and regulations.

(9)    Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Hope Manor OR to communicate with Hope Manor about his progress there.

Any overnight passes allowed by Hope Manor must be approved by the Pretrial Services Officer.

While residing at the sober living home, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Hope Manor, he must immediately surrender to the custody of the United States Marshal.

(10) Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11) Defendant shall not obtain a passport and other foreign travel document(s).

(12) Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(13) With 24 hours of his arrival at Hope Manor, Defendant shall contact Pretrial Services Officer Stephanie Cherney at (701) 530-2396.

If Defendant cannot be transported to Hope Manor as anticipated on November 22, 2024, he shall remain in custody pending further order.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court